Clarence Joseph
**LAMBRECHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 279–84.**

Court of Criminal Appeals of Texas,
En Banc.

Dec. 19, 1984.

---

Travis B. Bryan, III, on appeal only, Bryan, for appellant.

Jeffrey K. Brown, Co. Atty. and Laura Marie Hubert, Asst. Co. Atty., Bryan, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

In an unpublished opinion, the Waco Court of Appeals affirmed appellant's misdemeanor conviction for criminal trespass in which the county court at law had assessed a $100.00 fine and 60 days in jail, probated for 180 days. Citing Article 40.-09(9), V.A.C.C.P., the court of appeals observed that no brief had been filed on appellant's behalf and the record contained neither assertion nor showing of indigence.

In an untimely motion for rehearing, counsel, apparently retained by appellant, for the first time asserted "appellant was unrepresented at trial and on appeal [and] ... has never knowingly and intelligently and voluntarily waived his right to counsel." Counsel did not allege appellant was

or had been indigent. The court of appeals denied this motion for rehearing.

In a petition for discretionary review to this Court, counsel for appellant averred he had been "hired by appellant" and presented a single ground for review:

"The Court of Appeals erred in holding that appellant waived his right to counsel and that there was therefore no fundamental error which decision on an important question of State and Federal law is in conflict with the applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States."

In appellant's brief filed in this Court, counsel argues the trial court's failure to admonish appellant of the "dangers and disadvantages of self-representation" alluded to in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), constitutes a per se establishment of appellant's failure to comprehend his right to counsel and that no valid waiver thereof was made.[1]

Our review of the statement of facts which is before us, however, reveals no assertion by appellant of his independent right to self-representation.[2] As the court below noted, the record in no way indicates appellant was indigent at the time of trial and we observe it in fact seems to suggest otherwise. Finally, the record reveals the trial judge nevertheless appointed counsel to represent appellant, but appellant instructed him not to cross-examine the State's witnesses or voice objections.

---

**1.** But see *Martin v. State,* 630 S.W.2d 952 (Tex. Cr.App.1982) in which the Court acknowledged the Supreme Court's reasoning that the independent right to self-representation does not arise from the accused's power to waive assistance of counsel and observed that prior decisions of this Court which had iterated exacting "requisites" for establishing a knowing waiver of counsel, [e.g., *Barbour v. State,* 551 S.W.2d 371 (Tex.Cr. App.1977); *Goodman v. State,* 591 S.W.2d 498 (Tex.Cr.App.1980); and *Geeslin v. State,* 600 S.W.2d 309 (Tex.Cr.App.1980) ], had read *Faretta* incorrectly. We stated:

"The *Faretta* opinion simply cannot reasonably be read to require that a trial judge spread upon the record all such information and data about an accused that might conceiv-

ably impugn his decision to represent himself...."
630 S.W.2d at 954, n. 5; see also *Blankenship v. State,* 673 S.W.2d 578, 586, n. 1 (Tex.Cr.App. 1984) (Opinion concurring).

Thus, the validity of the premise of appellant's argument—that the trial court's failure to admonish him in accordance with *Geeslin,* supra, violates *Faretta*—is doubtful.

**2.** An independent right, we repeat, which does not arise from the power to waive the assistance of counsel. See n. 1, *ante.* Thus, it is not at all clear that the right to self-representation is automatically invoked by an accused's expression of his desire to waive assistance of a lawyer.

Further, it appears that appellant's failure timely to present to the court of appeals the claim he now makes was entirely due to decisions made by him alone. The Rules of Post Trial and Appellate Procedure in Criminal Cases governing petitions for discretionary review in this Court do not authorize review of claims which have not been presented in an orderly fashion and determined by the appropriate court of appeals. See *Noel v. State* (Tex.Cr.App., No. 827–83, delivered March 14, 1984).[3]

Under the circumstances presented, the court of appeals correctly resolved appellant's appeal and the judgment of that court is therefore affirmed.[4]

ONION, P.J., and CAMPBELL, J., concur in result.

TEAGUE, Judge, dissenting.

The issue that is before this Court is not whether Clarence Joseph Lambrecht, appellant, affirmatively, knowingly, intelligently, and voluntarily waived his right to the assistance of counsel, because the record clearly reflects that he affirmatively, knowingly, intelligently, and voluntarily waived his right to have the assistance of counsel. The issue that should be, but is not decided by the majority is whether the record clearly reflects that appellant was adequately warned as to the dangers and disadvantages of self-representation, cf. *Johnson v. State*, 614 S.W.2d 116, 119–120 (Tex.Cr. App.1981) (Opinion on State's Motion for Rehearing), which admonishment was mandated by the Supreme Court in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Such a claim, that the trial judge did not so admonish the appellant, is of constitutional dimension and may be raised as late as the filing of the motion for rehearing in the court of appeals. See

and compare *Lopez v. State* (Tex.Cr.App., No. 509–83, March 28, 1984) (the issue of jury waiver may be raised for the first time on discretionary review.) Also see *Howeth v. State*, 645 S.W.2d 787 (Tex.Cr.App.1983), in which this Court had occasion to grant a defendant's petition for discretionary for one reason, but actually reviewed unassigned error in the form of sufficiency of the evidence—even though the court of appeals had failed or declined to consider this issue, presumably because the issue was not presented to that court for review. The issue was decided by this Court *ex mero motu* or *ex proprio motu* or *sua sponte*, because sufficiency of the evidence to support a conviction implicates the Fourteenth Amendment to the Constitution of the United States and the due course of law clause of the Texas Constitution.

However, the majority opinion, without limitation or restriction, states the following: "The Rules of Post Trial and Appellate Procedure in Criminal Cases governing petitions for discretionary review in this Court do not authorize review of claims which have not been presented in an orderly fashion and determined by the appropriate court of appeals. See *Noel v. State*, (Tex.Cr.App., No. 827–83, delivered March 14, 1984)." This statement, as far as applicable to the *State*, is correct. Unfortunately, by its failure to also state that in *Noel v. State*, supra, this Court restricted and limited this holding to the *State*, because "we find no analogous constitutional guaranty to, or protection of, the State, to those contained in the Due Process Clauses of our State and Federal constitutions protecting citizen," the majority opinion leaves a false impression, that such a rule of law is applicable to both the defendant and the State. That is simply not so. Also see *Todd v. State*, 661 S.W.2d 116, 118 (Tex.Cr.App. 1983).

---

3. Citizens are, however, unlike the State, entitled to protections of due process and due course of law. See n. 4, *post*.

4. Our action today is without prejudice to appellant to pursue postconviction remedies pursuant to Chapter 11 of the Code of Criminal Procedure, wherein he may fully develop his indigency at the time of trial, his assertion of the right to self-representation and any other facts material to determination of his claim which are not established by the record before us, if such facts can be developed.

The constitutional issue of whether the trial judge warned appellant of the dangers and disadvantages of self-representation is squarely before this Court and cries out for an answer. The majority, however, without much finesse I might add, refuses to decide the issue, but tells the appellant in note 4 that "Our action today is without prejudice to appellant to pursue postconviction remedies pursuant to Chapter 11 of the Code of Criminal Procedure..." Compare, however, what the author of the majority opinion stated in the dissenting opinion he filed in *Dees v. State*, 676 S.W.2d 403, 408, (Tex.Cr.App.1984), "The message the Court sends in note 1 reveals the folly in what it is doing today. Thus, wasted are the time, efforts and costs expended by all involved following the judgment of the trial court, in favor of having them replicated in another procedural setting..." Is that not exactly what the majority is doing in this instance?

*Faretta* held that the trial court in that cause constitutionally erred when it ruled that the defendant in that cause could not represent himself. *Faretta* also made the distinction between the right to counsel and the right to self-representation, and held that the right to self-representation arises independently of the right to have an attorney, or the waiver thereto. In this instance, the record unequivocally reflects that appellant affirmatively, intelligently, voluntarily and knowingly waived his right to counsel. Furthermore, but as the majority opinion points out, the trial court furnished appellant with standby counsel.

However, the Supreme Court in *Faretta* mandated that before a defendant is permitted to represent himself, the record must clearly establish that he knew what he was doing and his choice was made with his eyes open, i.e., he must be admonished by the trial judge as to the dangers and disadvantages of self-representation.

In this instance, the record clearly reflects that the trial judge did not admonish the appellant as to the dangers and disadvantages of self-representation. The record is totally devoid of any of the admonishments about the dangers and disadvantages of self-representation required by *Faretta*. The failure of the record to show that appellant was adequately warned as to the dangers and disadvantages of self-representation requires that appellant's conviction be reversed. The majority errs in not reversing the appellant's conviction.

I respectfully dissent.

MILLER, Judge, dissenting.

I am somewhat surprised the author of the majority opinion does not analyze the case under the rationale of the majority opinion in *Blankenship v. State*, 673 S.W.2d 578 (Tex.Cr.App.1984).

For its failure to do so and for the reasons in Judge Teague's opinion, I dissent.