**George Ronald TUBERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 979–93.

Court of Criminal Appeals of Texas.

April 27, 1994.

Richard C. Mabry, Abilene, for appellant.

James Eidson, Dist. Atty., Nelda F. Williams, Asst. Dist. Atty., Abilene, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted in 1992 by a jury of involuntary manslaughter, and the jury assessed punishment at confinement in the Texas Department of Criminal Justice, Institutional Division for ten years and a fine of $10,000.[1] His conviction was affirmed on

---

1. The jury also found appellant guilty of felony driving while intoxicated and assessed punishment at two years confinement in the Taylor County Adult Detention Center and a $2000 fine. Appellant did not appeal this conviction.

appeal. *Tubert v. State*, No. 11–92–220–CR (Tex.App.—Eastland, delivered July 1, 1993). We granted Appellant's petition for discretionary review to determine whether the Court of Appeals erred in failing to reverse and remand for a new sentencing hearing when the trial court submitted a jury instruction on punishment for involuntary manslaughter over Appellant's timely and proper objection.

Appellant objected to the trial court's charge at punishment on the basis that it did not allow the jury to select confinement in a community correctional facility as provided for third degree felonies in Tex.Penal Code, § 12.34(a)(2).[2] The trial court ruled, relying on Article 42.12, § 19(b)(2), V.A.C.C.P.[3], that a defendant is not eligible for placement in a community correctional facility if the trier of fact determines that the defendant caused serious bodily injury or death to another person as a result of the commission of the offense. Therefore, the trial court refused Appellant's instruction because the jury had found Appellant guilty of causing death.

The Court of Appeals likewise held that because the jury had found that Appellant had caused the death of the victim, he was ineligible to be sentenced to a community corrections facility under Art. 42.12, § 19(b)(2). Thus, the Court of Appeals held that the trial court correctly charged the jury on the range of punishment. *Tubert*, slip op. at 6. Appellant contends that Art. 42.12, § 19 only applied when a defendant was placed on probation. Since Appellant was not placed on probation, Art. 42.12, § 19 was inapplicable and § 12.34(a)(2) controlled.

Under Art. 42.12, § 19(b)(2), the trial court was prohibited from requiring as a condition of probation that the defendant serve time in a community correctional facility if the trier of facts determined that the defendant caused serious bodily injury or death of another as a result of the commission of the offense. This section was restricted to those circumstances. It in no way implicated the range of punishment for a person charged with a third degree felony under § 12.34 of the Penal Code. "Community corrections facility" is defined in Article 42.13, Sec. 1(b)(2), V.A.C.C.P., and does not restrict use of those facilities to probationers only. The language of the statutes is plain and unambiguous, and we are required to give effect to that plain meaning. *Boykin v. State*, 818 S.W.2d 782 (Tex.Cr.App.1991). Since Art. 42.13, does not limit use of community correctional facilities to probationers only, and since Art. 42.12, § 19(b)(2), as it existed at the time of the offense, was not applicable to Appellant, the trial court erred in relying on Art. 42.12, § 19 in denying Appellant the requested jury charge at punishment regarding all sentencing options under § 12.34, Tex.Penal Code.

In *Coody v. State*, 812 S.W.2d 631, 635 (Tex.App.—Houston [14th] 1991), rev'd on other grds, 818 S.W.2d 68 (Tex.Cr.App.1991), the defendant was tried for a third degree felony, yet the punishment charge presented to the jury failed to include an instruction that the jury could assess confinement in a community correctional facility for any term not longer than one year. The jury subsequently sentenced the defendant to five years confinement and a $10,000 fine. Although

---

2. Section 12.34(a) provides:
    (a) An individual adjudged guilty of a felony of the third degree shall be punished by:
    (1) confinement in the institutional division of the Texas Department of Criminal Justice for any term of not more than 10 years or less than two years; or
    (2) confinement in a community correctional facility for any term of not more than one year.

3. Article 42.12, § 19(b)(2), at the time of the commission of the offense and subsequent trial, stated that:
    (b) If a judge places a defendant on probation under any provision of this article as an alternative to imprisonment, the judge may require as a condition of probation that the defendant serve a term of not less than one month or more than 24 months in a community correctional facility designated by the judge if:

\*    \*    \*    \*    \*    \*

    (2) the trier of facts determines that the defendant did not cause the serious bodily injury or death of another as a result of the commission of the offense.
Text of subsec. (2) deleted by Acts 1993, 73rd Leg., effective September 1, 1993. See now Art. 42.12, § 18, V.A.C.C.P.

the defendant failed to object to the omission, the Court of Appeals held that the trial court's failure to include all sentencing alternatives in the jury punishment charge was error. Further, the court held that the trial court's error resulted in egregious harm to the defendant. Therefore, the Court of Appeals reversed.

Having determined that the jury in the instant case was not properly instructed on the full range of punishment, we reverse the judgment of the Court of Appeals and remand to that Court for a harm analysis. *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr. App.1984).