**Siert Martin BLOK, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–96–00422–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 4, 1999.

**390**

Logene Foster, Sugarland, for Appellant.

John F. Healey, Jr., John H. Harrity, III, Richmond, for Appellee.

Panel consists of Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION ON MOTION
## FOR REHEARING

NUCHIA, Justice.

We withdraw our opinion dated December 10, 1998, and substitute this opinion in its stead. A jury found appellant, Siert Martin Blok, III, guilty of involuntary manslaughter by driving while intoxicated (DWI), and assessed him 10 years confinement. We affirm the trial court's judgment.

## BACKGROUND

On August 8, 1993, Elida Salinas was riding with her daughter down Voss road coming home from bingo. Appellant drove his pickup truck around a car stopped at the red light at the intersection of Voss and Highway 6, ran the red light, and broadsided the Salinas's car. Salinas died in the accident.

Several minutes after the accident, the police arrived. The police found appellant sitting behind the wheel of the pickup truck. Appellant had apparently attempted to mask the smell of alcohol through the use of cologne. The police noticed an open bottle of cologne sitting upright, notwithstanding the fact that everything else in the vehicle had been thrown around due to the accident. Appellant admitted drinking some alcohol and failed several field sobriety tests. Appellant was arrested and charged with involuntary manslaughter.

## DISCUSSION

### *Jury Charge—Community*
### *Correctional Facility*

■ In his fourth point of error, appellant contends the trial court erred by failing to instruct the jury in the punishment phase of the trial about the proper range of punishment.

At the time this offense occurred, it was punishable by (1) confinement for a term of not more than ten years or less than 2 years,

or (2) confinement in a community correctional facility for any term of not more than one year. Act of June 7, 1990, 71st Leg., 6th C.S., ch. 25, sec. 7, 1990 Tex. Gen. Laws 110 (amended 1994) (current version at TEX. PENAL CODE ANN. § 12.34 (Vernon 1994)). However, in the trial court, the prosecutor represented to the judge that Fort Bend County did not have a community correctional facility, and the judge declined to put that punishment option in the charge. Without the option of sentencing appellant to one year in a community correctional facility, the jury assessed his punishment at 10 years in prison.

The defendant in this case was tried for a third degree felony, but the punishment charge presented to the jury did not include an instruction that the jury could assess confinement in a community correctional facility for up to 1 year. We hold that it was error for the court not to include the full range of punishment in the charge. *See Tubert v. State,* 875 S.W.2d 323, 325 (Tex.Crim.App. 1994).

■ As required by *Tubert,* we must now engage in the harm analysis. *Id.* at 325; *see also* TEX.CODE CRIM. P. ANN. arts. 36.14, 36.19 (Vernon 1981). Because appellant properly objected to the charge, he must show error that was "calculated to injure the rights of the defendant." TEX.CODE CRIM. P. ANN. arts. 36.14, 36.19; *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). Appellant must have "suffered 'some' actual, rather than theoretical, harm from the error." *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App.1986); *Almanza,* 686 S.W.2d at 171. To decide whether the error caused some actual harm to appellant, we must assay the degree of harm in light of the entire jury charge, the state of the evidence, the argument of counsel, and the record as a whole. *Almanza,* 686 S.W.2d at 171. We must determine whether the case for punishment was actually made clearly and significantly more persuasive by the error. *Saunders v. State,* 817 S.W.2d 688, 690 (Tex.Crim. App.1991).

■ The evidence in this case showed appellant was driving while intoxicated when he *drove around a car stopped at a red light, ran the red light, and struck another car, killing one person and sending several others to the hospital.* The jury also heard appellant was already on probation for DWI when this offense occurred. After hearing this evidence, the jury gave appellant the maximum penalty available. It is highly unlikely the community correctional facility option of punishment for one year would have affected their decision.

We conclude appellant has not shown he suffered actual, not theoretical, harm by the court's failure to include the community correctional facility option in the charge.

We overrule point of error four.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP. P. 47, and is thus ordered not published.

The judgment is affirmed.