

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-07-165-CR

DAVID LEE SWAIM, JR.                                          APPELLANT

V.

THE STATE OF TEXAS                                                 STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## OPINION ON APPELLANT'S
## PETITION FOR DISCRETIONARY REVIEW

------------

Pursuant to Texas Rule of Appellate Procedure 50, we withdraw our March 13, 2008 opinion and judgment and substitute the following. Tex. R. App. P. 50.

A jury convicted Appellant David Lee Swaim, Jr. of murder and assessed his punishment at life imprisonment. In two points, Swaim argues that the trial court committed harmful error by failing to include a jury charge instruction on

sudden passion and that his trial counsel was ineffective for failing to request an instruction on sudden passion. We will affirm.

Early in the morning on August 16, 2005, Joshua Hall knocked on Swaim's door looking for someone to drink and socialize with. They had never met before, but Swaim let Hall enter his residence. Both had consumed alcohol during the day, and both either were or soon became intoxicated. Sometime later, an altercation occurred, and Swaim stabbed Hall nine times, killing him.

In his first point, Swaim argues that the trial court reversibly erred by failing to include a sudden passion instruction in its charge to the jury because there was evidence of a heated, verbal exchange between Swaim and Hall.

At the punishment stage of a murder trial, the defendant may raise the issue of whether he caused the death under the immediate influence of sudden passion arising from an adequate cause. Tex. Penal Code Ann. § 19.02(d) (Vernon 2003). If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree. *Id*.

In *Trevino v. State*, the court of criminal appeals clarified that sudden passion is a "punishment issue" and that "a sudden passion charge should be given if there is some evidence to support it, even if that evidence is weak, impeached, contradicted, or unbelievable." 100 S.W.3d 232, 238 (Tex. Crim.

App. 2003).   The court clearly pointed out, however, that Trevino had "requested the judge to instruct the jury pursuant to Penal Code Section 19.02(d)," but "[t]he judge rejected the proposed charge." *Id*. at 236.  *Trevino* therefore addressed the propriety of giving an instruction on sudden passion at punishment *when such an instruction has been requested by the defendant*; it did not address the issue of whether a trial court is required to include an instruction on sudden passion at punishment when there is no request for such an instruction by a defendant who claims some evidence exists to support the instruction.  *See id.*; *Fair v. State*, No. 03-05-00348-CR, 2006 WL 2032489, at *3 (Tex. App.—Austin July 21, 2006, pet. ref'd) (mem. op., not designated for publication) (citing *Trevino* and stating in parenthetical that "*assuming defendant requests charge*, charge must be given if 'evidence raises the issue'" (emphasis added)).   In this case, Swaim did not assert an objection to the absence of a sudden passion instruction nor did he request that the instruction be included in the charge.  Consequently, neither *Trevino* nor the other case law cited by Swaim supports his argument that the trial court was required to sua sponte include a sudden passion instruction in its charge to the jury.[1]   *See*

---

[1] ... In his brief to this court, Swaim cites *Mims v. State*, 3 S.W.3d 923, 928 (Tex. Crim. App. 1999), for the holding that "if raised by the evidence, the sudden passion issue should be submitted in the punishment phase of an attempted murder prosecution."  Like *Trevino*, *Mims* is inapposite.

3

*Trevino*, 100 S.W.3d at 236–38; *Fair*, 2006 WL 2032489, at *3 ("For sudden passion mitigation to apply, *the defendant at the punishment phase must (i) raise the issue* as to whether he caused the death under the immediate influence of sudden passion arising from adequate cause and (ii) prove the issue in the affirmative by a preponderance of the evidence." (emphasis added)).

Recognizing that he did not request a sudden passion instruction, Swaim argues in his petition for discretionary review that "[t]here are certain issues upon which a trial court has the duty to instruct the jury *without* an objection or request from either party."[2] [Emphasis added.] Swaim cites *Huizar v. State*, 12 S.W.3d 479, 483–485 (Tex. Crim. App. 2000) (op. on reh'g), for the proposition that a "jury must be instructed at punishment that extraneous offenses must be proved beyond [a] reasonable doubt" and *Tubert v. State*, 875 S.W.2d 323 (Tex. Crim. App. 1994), for the proposition that it is "error to omit [a] sentencing option that would allow [the] jury to send [the] defendant to [a] community correctional facility rather than prison." Swaim also cites code of criminal procedure article 36.14, which "places the legal duty and responsibility on the trial judge to prepare for a jury a proper and correct charge on the law." (quoting *Doyle v. State*, 631 S.W.2d 732, 738 (Tex. Crim. App.

---

[2] ... Swaim did not assert this argument on appeal.

(1980)). Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007). Swaim then concludes that "[t]he trial judge therefore had the responsibility of instructing the jury on the proper range of punishment in light of the evidence of sudden passion." Neither *Huizar*, nor *Tubert*, nor any other court of criminal appeals case that we have located, nor article 36.14 hold or require that a trial court must include an instruction at punishment on sudden passion in the absence of a request by the defendant. Accordingly, we overrule Swaim's first point.

Although Swaim's second point in his brief to this court states that his trial counsel "was ineffective for not presenting mitigating evidence during the sentencing phase," his argument under the point is that his trial counsel was ineffective for failing to request an instruction on sudden passion.

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

The following witnesses testified on Swaim's behalf at punishment: Hal Farmer, Swaim's friend; Jesse Carreon, Swaim's friend and the father of Swaim's boss; Douglas Swaim, Swaim's cousin; Don Christian, a probation supervisor; Scott Allen Tony, Swaim's brother-in-law; Denise Tony, Swaim's sister; and Barbara Swaim, Swaim's mother. With the exception of Christian, who explained the probation process to the jury, Swaim's witnesses recounted and opined that Swaim was not a violent person, either when sober or intoxicated, and that they were surprised or shocked to learn that he had been charged with murder. Swaim argues that this evidence called for an instruction on sudden passion. But none of the evidence "raise[d] the issue as to whether [Swaim] caused [Hall's] death under the immediate influence of sudden passion arising from an adequate cause." See Tex. Penal Code Ann. § 19.02(d) (stating that a defendant may raise the issue as to whether he caused the death under sudden passion), § 19.02(a)(1) (providing "adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection), § 19.02(a)(2) (providing "sudden passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and

is not solely the result of former provocation).  The evidence that Swaim directs us to merely detailed his nonviolent character.

In his petition for discretionary review, Swaim argues that contrary to our analysis in the memorandum opinion issued March 13, 2008, the evidence raised the issue of sudden passion.  Swaim points to evidence that he testified Hall said he "knew how to get ahold of" his daughter and that he was "in complete shock" when Hall brought up his daughter and his girlfriend.  Swaim also points to the testimony of an investigator who testified that Swaim told him Hall "began talking about [his] daughter" and that Swaim "went into a rage."  In his brief to this court, however, Swaim did not argue that any of this evidence—which was elicited at the guilt phase, not the punishment phase—supported an instruction on sudden passion; instead, he relied only on the testimony of the individuals who testified on his behalf at punishment, which we set forth above.  *See Marlo v. State*, 720 S.W.2d 496, 500 n.7 (Tex. Crim. App. 1986) (declining to address argument asserted for the first time in petition for discretionary review); *Lambrecht v. State*, 681 S.W.2d 614, 616 (Tex. Crim. App. 1984).  Even considering this evidence along with the evidence that Swaim relied on in his brief, Hall's statement that he knew how to get in touch with Swaim's daughter is not, alone, "adequate cause" as defined by the penal code.  *See* Tex. Penal Code Ann. § 19.02(a)(1).  The

7

evidence that Swaim argues raised the issue of sudden passion—identified in both his brief and in his petition for discretionary review—does not rebut the strong presumption that his trial counsel's decision not to request an instruction on sudden passion fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Thompson*, 9 S.W.3d at 814. We overrule Swaim's second point.

Having overruled both of Swaim's points, we affirm the trial court's judgment.

DIXON W. HOLMAN
JUSTICE

PANEL: DAUPHINOT and WALKER, JJ.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

DAUPHINOT, J. filed a dissenting opinion.

WALKER, J. concurs without opinion.

PUBLISH

DELIVERED: December 17, 2009

8



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-07-165-CR

DAVID LEE SWAIM, JR.                                        APPELLANT

V.

THE STATE OF TEXAS                                             STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## DISSENTING OPINION ON APPELLANT'S
## PETITION FOR DISCRETIONARY REVIEW

------------

Sudden passion arising from an adequate cause is neither a defense nor an affirmative defense.[1] It is an odd duck that arose from courts being faced with the absurd conundrum of a sufficiency claim based on the fact that the

------------

[1] _See_ Tex. Penal Code Ann. §§ 2.03, 2.04, 19.02(a), (d) (Vernon 2003).

lesser included offense of voluntary manslaughter contained an essential element not found in the greater offense of murder.[2]

Sudden passion now is actually a mitigation issue at punishment in murder cases. The statute places the burden on the defense to prove sudden passion by a preponderance of the evidence.[3] The Texas Court of Criminal Appeals has addressed the trial court's obligation to include a mitigation instruction in the context of a capital murder trial, comparing the capital murder mitigation issue to the sudden passion mitigation issue:

> [T]he mitigation special issue for death penalty cases is neither embedded within elements the State must prove nor is it set up as an exception. Instead, the mitigation special issue is framed as a stand-alone punishment mitigation issue, a characteristic it shares with a number of punishment mitigating factors that are clearly defensive issues, including temporary insanity caused by intoxication, unsuccessful renunciation of an inchoate offense, the current sudden passion issue in a murder case, release in a safe place under both the older and newer versions of the aggravated kidnapping statute, and mental retardation in a death penalty case.

> . . . .

> We conclude that the mitigation special issue is a defensive issue that cannot be forfeited by inaction but can be waived, and because it is a defensive issue, the defendant has a right to insist upon its waiver. The trial judge in this case erred in refusing to

---

[2] *See Sanchez v. State*, 275 S.W.3d 901, 907 (Tex. Crim. App. 2009) (Keller, P.J., concurring) (citations and references omitted).

[3] Tex. Penal Code Ann. § 19.02(d).

2

allow appellant to waive submission of the issue to the jury, and as a result, erred in admitting victim-impact and victim-character evidence that would have otherwise been excluded.[4]

This holding from the Texas Court of Criminal Appeals supports Appellant's contention that the sudden passion mitigation issue before us cannot be forfeited. That is, contrary to the majority's holding in overruling Appellant's first point, Appellant's failure to request a sudden passion instruction does not negate his right to the instruction triggered by the presence of evidence raising the issue.

I note that the majority's holding, in overruling Appellant's second point, that Appellant failed to raise the issue of sudden passion by a preponderance of the evidence, if correct, would moot the majority's discussion of the first point. A careful review of the record, however, shows that Appellant did sufficiently raise the issue to be entitled to the instruction.

Although there are contradictions in the testimony, Appellant testified that Hall came to his door at 1:14 a.m. and made a point of saying that he knew Appellant's girlfriend and that he knew Appellant's daughter and "how to get ahold of" her. Such threats, implied though they are, are the stuff suspense thrillers are made of for a reason—they're scary. The evidence shows

---

[4] *... Williams v. State*, 273 S.W.3d 200, 222, 224–25 (Tex. Crim. App. 2008) (citations omitted).

3

that after Appellant let Hall into his home, he realized that Hall was the local drug dealer. Hall attacked Appellant from behind, and they fought. Appellant testified that he was terrified. From the record before us, I conclude that Appellant clearly raised the issue of sudden passion arising from adequate cause.

The jury charge properly instructed the jury that they might consider "all of the facts shown by the evidence admitted before [them] in the full trial of this case." And in deciding whether the evidence raises the issue of sudden passion, we also must consider the entire record that was before the jury.[5] As the *Murphy* court points out, if, at sentencing, the jury does not consider the evidence admitted in the guilt phase of the trial, how can the jury make the punishment fit the crime?[6]

Following the precedent of the Texas Court of Criminal Appeals, the sudden passion instruction "is a defensive issue that cannot be forfeited by inaction but can be waived, and because it is a defensive issue, the defendant

---

[5]... *See Murphy v. State*, 777 S.W.2d 44, 63 (Tex. Crim. App. 1988) (op. on reh'g) ("It is axiomatic, for example, that punishment should fit the particular crime. Accordingly, the trial court routinely instructs the jury it may consider all evidence admitted at the guilt phase in making its punishment determination."), *superseded on other grounds by* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2009).

[6]... *See Murphy*, 777 S.W.2d at 63.

has a right to insist upon its waiver."[7]  In the case before this court, Appellant did not affirmatively waive the instruction; the instruction was never mentioned below.

I would hold that the evidence raised the issue of sudden passion, that Appellant could not and did not forfeit the right to a sudden passion instruction by his inaction, and, consequently, that the trial court was obligated to give the instruction sua sponte.  The harm that Appellant suffered is readily apparent and egregious:  the range of confinement Appellant faced as a result of the error was five to ninety-nine years instead of two to twenty years.[8]

I would sustain Appellant's first point, not reach his second point, and reverse and remand this case for a new trial on punishment.  Because the majority does not, I must respectfully dissent.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED:  December 17, 2009

---

[7] *... Williams,* 273 S.W.3d at 224.

[8] *... See* Tex.  Penal Code Ann. §§ 12.32(a), 12.33(a) (Vernon Supp. 2009), 19.02(c), (d).

5