[COMMENT1] 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-165-CR

 

 

DAVID LEE SWAIM, JR.                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

OPINION ON APPELLANT=S

PETITION FOR
DISCRETIONARY REVIEW

 

                                              ------------

Pursuant
to Texas Rule of Appellate Procedure 50, we withdraw our March 13, 2008 opinion
and judgment and substitute the following. 
Tex. R. App. P. 50.








A jury
convicted Appellant David Lee Swaim, Jr. of murder and assessed his punishment
at life imprisonment.  In two points,
Swaim argues that the trial court committed harmful error by failing to include
a jury charge instruction on sudden passion and that his trial counsel was
ineffective for failing to request an instruction on sudden passion.  We will affirm.

Early in
the morning on August 16, 2005, Joshua Hall knocked on Swaim=s door
looking for someone to drink and socialize with.  They had never met before, but Swaim let Hall
enter his residence.  Both had consumed
alcohol during the day, and both either were or soon became intoxicated. Sometime
later, an altercation occurred, and Swaim stabbed Hall nine times, killing him.

In his
first point, Swaim argues that the trial court reversibly erred by failing to
include a sudden passion instruction in its charge to the jury because there
was evidence of a heated, verbal exchange between Swaim and Hall.

At the
punishment stage of a murder trial, the defendant may raise the issue of
whether he caused the death under the immediate influence of sudden passion
arising from an adequate cause.  Tex.
Penal Code Ann. ' 19.02(d) (Vernon 2003).  If the defendant proves the issue in the
affirmative by a preponderance of the evidence, the offense is a felony of the
second degree.  Id.













In Trevino
v. State, the court of criminal appeals clarified that sudden passion is a Apunishment
issue@ and
that Aa sudden
passion charge should be given if there is some evidence to support it, even if
that evidence is weak, impeached, contradicted, or unbelievable.@  100 S.W.3d 232, 238 (Tex. Crim. App.
2003).  The court clearly pointed out,
however, that Trevino had Arequested
the judge to instruct the jury pursuant to Penal Code Section 19.02(d),@ but A[t]he
judge rejected the proposed charge.@  Id. at 236.  Trevino therefore addressed the propriety
of giving an instruction on sudden passion at punishment when such an
instruction has been requested by the defendant; it did not address
the issue of whether a trial court is required to include an instruction on
sudden passion at punishment when there is no request for such an instruction
by a defendant who claims some evidence exists to support the instruction.  See id.; Fair v. State, No.
03-05-00348-CR, 2006 WL 2032489, at *3 (Tex. App.CAustin
July 21, 2006, pet. ref=d) (mem. op., not designated for
publication) (citing Trevino and stating in parenthetical that Aassuming
defendant requests charge, charge must be given if >evidence
raises the issue=@
(emphasis added)).  In this case, Swaim
did not assert an objection to the absence of a sudden passion instruction nor
did he request that the instruction be included in the charge.  Consequently, neither Trevino nor the
other case law cited by Swaim supports his argument that the trial court was
required to sua sponte include a sudden passion instruction in its charge to
the jury.[1]  See Trevino, 100 S.W.3d at 236B38; Fair,
2006 WL 2032489, at *3 (AFor sudden passion mitigation to
apply, the defendant at the punishment phase must (i) raise the issue as
to whether he caused the death under the immediate influence of sudden passion
arising from adequate cause and (ii) prove the issue in the affirmative by
a preponderance of the evidence.@
(emphasis added)).








Recognizing
that he did not request a sudden passion instruction, Swaim argues in his
petition for discretionary review that A[t]here
are certain issues upon which a trial court has the duty to instruct the jury without
an objection or request from either party.@[2]  [Emphasis added.]  Swaim cites Huizar v. State, 12 S.W.3d
479, 483B485
(Tex. Crim. App. 2000) (op. on reh=g), for
the proposition that a Ajury must be instructed at
punishment that extraneous offenses must be proved beyond [a] reasonable doubt@ and Tubert
v. State, 875 S.W.2d 323 (Tex. Crim. App. 1994), for the proposition that
it is Aerror to
omit [a] sentencing option that would allow [the] jury to send [the] defendant
to [a] community correctional facility rather than prison.@  Swaim also cites code of criminal procedure
article 36.14, which Aplaces the legal duty and
responsibility on the trial judge to prepare for a jury a proper and correct
charge on the law.@ (quoting Doyle v. State,
631 S.W.2d 732, 738 (Tex. Crim. App. (1980)). 
Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007).  Swaim then concludes that A[t]he
trial judge therefore had the responsibility of instructing the jury on the
proper range of punishment in light of the evidence of sudden passion.@  Neither Huizar, nor Tubert, nor
any other court of criminal appeals case that we have located, nor article
36.14 hold or require that a trial court must include an instruction at
punishment on sudden passion in the absence of a request by the defendant.  Accordingly, we overrule Swaim=s first
point.

Although
Swaim=s second
point in his brief to this court states that his trial counsel Awas
ineffective for not presenting mitigating evidence during the sentencing phase,@ his
argument under the point is that his trial counsel was ineffective for failing
to request an instruction on sudden passion.

To
establish ineffective assistance of counsel, the appellant must show by a
preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999).













The
following witnesses testified on Swaim=s behalf
at punishment:  Hal Farmer, Swaim=s
friend; Jesse Carreon, Swaim=s friend
and the father of Swaim=s boss; Douglas Swaim, Swaim=s
cousin; Don Christian, a probation supervisor; Scott Allen Tony, Swaim=s
brother-in-law; Denise Tony, Swaim=s
sister; and Barbara Swaim, Swaim=s
mother.  With the exception of Christian,
who explained the probation process to the jury, Swaim=s
witnesses recounted and opined that Swaim was not a violent person, either when
sober or intoxicated, and that they were surprised or shocked to learn that he
had been charged with murder.  Swaim
argues that this evidence called for an instruction on sudden passion.  But none of the evidence Araise[d]
the issue as to whether [Swaim] caused [Hall=s] death
under the immediate influence of sudden passion arising from an adequate cause.@  See Tex. Penal Code Ann. '
19.02(d) (stating that a defendant may raise the issue as to whether he caused
the death under sudden passion), '
19.02(a)(1) (providing Aadequate cause@ means
cause that would commonly produce a degree of anger, rage, resentment, or
terror in a person of ordinary temper, sufficient to render the mind incapable
of cool reflection), ' 19.02(a)(2) (providing Asudden
passion@ means
passion directly caused by and arising out of provocation by the individual
killed or another acting with the person killed which passion arises at the
time of the offense and is not solely the result of former provocation).  The evidence that Swaim directs us to merely
detailed his nonviolent character.








In his
petition for discretionary review, Swaim argues that contrary to our analysis
in the memorandum opinion issued March 13, 2008, the evidence raised the issue
of sudden passion.  Swaim points to
evidence that he testified Hall said he Aknew how
to get ahold of@ his daughter and that he was Ain
complete shock@ when Hall brought up his
daughter and his girlfriend.  Swaim also
points to the testimony of an investigator who testified that Swaim told him
Hall Abegan
talking about [his] daughter@ and
that Swaim Awent into a rage.@  In his brief to this court, however, Swaim
did not argue that any of this evidenceCwhich
was elicited at the guilt phase, not the punishment phaseCsupported
an instruction on sudden passion; instead, he relied only on the testimony of
the individuals who testified on his behalf at punishment, which we set forth
above.  See Marlo v. State, 720
S.W.2d 496, 500 n.7 (Tex. Crim. App. 1986) (declining to address argument
asserted for the first time in petition for discretionary review); Lambrecht
v. State, 681 S.W.2d 614, 616 (Tex. Crim. App. 1984).  Even considering this evidence along with the
evidence that Swaim relied on in his brief, Hall=s
statement that he knew how to get in touch with Swaim=s
daughter is not, alone, Aadequate cause@ as
defined by the penal code.  See Tex.
Penal Code Ann. ' 19.02(a)(1).  The evidence that Swaim argues raised the
issue of sudden passionCidentified in both his brief and
in his petition for discretionary reviewCdoes not
rebut the strong presumption that his trial counsel=s
decision not to request an instruction on sudden passion fell within the wide
range of reasonable professional assistance. 
See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson,
9 S.W.3d at 814.  We overrule Swaim=s second
point.

Having
overruled both of Swaim=s points, we affirm the trial court=s
judgment.

 

DIXON W. HOLMAN

JUSTICE

 

PANEL:  DAUPHINOT and WALKER,
JJ.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

 

DAUPHINOT, J. filed a dissenting opinion.

 

WALKER, J. concurs without opinion.

 

PUBLISH

 

DELIVERED: December 17, 2009











 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-165-CR

 

 

DAVID LEE SWAIM, JR.                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                    DISSENTING OPINION ON
APPELLANT=S

                 PETITION
FOR DISCRETIONARY REVIEW

 

                                              ------------








Sudden
passion arising from an adequate cause is neither a defense nor an affirmative
defense.[1]  It is an odd duck that arose from courts
being faced with the absurd conundrum of a sufficiency claim based on the fact
that the lesser included offense of voluntary manslaughter contained an
essential element not found in the greater offense of murder.[2]

Sudden
passion now is actually a mitigation issue at punishment in murder cases.  The statute places the burden on the defense
to prove sudden passion by a preponderance of the evidence.[3]  The Texas Court of Criminal Appeals has
addressed the trial court=s obligation to include a
mitigation instruction in the context of a capital murder trial, comparing the
capital murder mitigation issue to the sudden passion mitigation issue:

[T]he mitigation special issue for death penalty
cases is neither embedded within elements the State must prove nor is it set up
as an exception.  Instead, the mitigation
special issue is framed as a stand‑alone punishment mitigation issue, a
characteristic it shares with a number of punishment mitigating factors that
are clearly defensive issues, including temporary insanity caused by
intoxication, unsuccessful renunciation of an inchoate offense, the current
sudden passion issue in a murder case, release in a safe place under both the
older and newer versions of the aggravated kidnapping statute, and mental
retardation in a death penalty case.

 

. . . .








We conclude that the mitigation special issue is
a defensive issue that cannot be forfeited by inaction but can be waived, and
because it is a defensive issue, the defendant has a right to insist upon its
waiver.  The trial judge in this case
erred in refusing to allow appellant to waive submission of the issue to the
jury, and as a result, erred in admitting victim‑impact and victim‑character
evidence that would have otherwise been excluded.[4]

 

This
holding from the Texas Court of Criminal Appeals supports Appellant=s
contention that the sudden passion mitigation issue before us cannot be
forfeited.  That is, contrary to the
majority=s
holding in overruling Appellant=s first
point, Appellant=s failure to request a sudden
passion instruction does not negate his right to the instruction triggered by
the presence of evidence raising the issue.

I note
that the majority=s holding, in overruling
Appellant=s second point, that Appellant
failed to raise the issue of sudden passion by a preponderance of the evidence,
if correct, would moot the majority=s
discussion of the first point.  A careful
review of the record, however, shows that Appellant did sufficiently raise the
issue to be entitled to the instruction.








Although
there are contradictions in the testimony, Appellant testified that Hall came
to his door at 1:14 a.m. and made a point of saying that he knew Appellant=s
girlfriend and that he knew Appellant=s
daughter and Ahow to get ahold of@
her.  Such threats, implied though they
are, are the stuff suspense thrillers are made of for a reasonCthey=re
scary.  The evidence shows that after
Appellant let Hall into his home, he realized that Hall was the local drug
dealer.  Hall attacked Appellant from
behind, and they fought.  Appellant
testified that he was terrified.  From
the record before us, I conclude that Appellant clearly raised the issue of
sudden passion arising from adequate cause.

The jury
charge properly instructed the jury that they might consider Aall of
the facts shown by the evidence admitted before [them] in the full trial of
this case.@ 
And in deciding whether the evidence raises the issue of sudden passion,
we also must consider the entire record that was before the jury.[5]  As the Murphy court points out, if, at
sentencing, the jury does not consider the evidence admitted in the guilt phase
of the trial, how can the jury make the punishment fit the crime?[6]








Following
the precedent of the Texas Court of Criminal Appeals, the sudden passion
instruction Ais a defensive issue that cannot
be forfeited by inaction but can be waived, and because it is a defensive
issue, the defendant has a right to insist upon its waiver.@[7]  In the case before this court, Appellant did
not affirmatively waive the instruction; the instruction was never mentioned
below.

I would
hold that the evidence raised the issue of sudden passion, that Appellant could
not and did not forfeit the right to a sudden passion instruction by his
inaction, and, consequently, that the trial court was obligated to give the
instruction sua sponte.  The harm that
Appellant suffered is readily apparent and egregious:  the range of confinement Appellant faced as a
result of the error was five to ninety-nine years instead of two to twenty
years.[8]

I would
sustain Appellant=s first point, not reach his
second point, and reverse and remand this case for a new trial on
punishment.  Because the majority does
not, I must respectfully dissent.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED:  December 17, 2009











[1]In his brief to this
court, Swaim cites Mims v. State, 3 S.W.3d 923, 928 (Tex. Crim. App.
1999), for the holding that Aif raised by the evidence, the sudden passion
issue should be submitted in the punishment phase of an attempted murder
prosecution.@  Like Trevino, Mims is
inapposite.





[2]Swaim did not assert this
argument on appeal.





[1]See
Tex. Penal Code Ann. '' 2.03, 2.04,
19.02(a), (d) (Vernon 2003).





[2]See Sanchez v. State, 275 S.W.3d 901, 907 (Tex. Crim. App. 2009)
(Keller, P.J., concurring) (citations and references omitted).





[3]Tex. Penal Code Ann. ' 19.02(d).





[4]Williams v. State, 273 S.W.3d 200, 222, 224B25 (Tex. Crim. App. 2008) (citations omitted).





[5]See
Murphy v. State, 777 S.W.2d 44, 63 (Tex. Crim. App. 1988) (op. on reh=g) (AIt is axiomatic, for
example, that punishment should fit the particular crime.  Accordingly, the trial court routinely
instructs the jury it may consider all evidence admitted at the guilt phase in
making its punishment determination.@), superseded on other grounds by Tex.
Code Crim. Proc. Ann. art. 37.07, ' 3(a) (Vernon Supp. 2009).





[6]See Murphy, 777 S.W.2d at 63.





[7]Williams, 273 S.W.3d at 224.





[8]See
Tex.  Penal Code Ann. '' 12.32(a), 12.33(a)
(Vernon Supp. 2009), 19.02(c), (d).















 [COMMENT1]

Opinion on PDR Affirmed
by Justice Holman; Justice Dauphinot Dissents