

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00409-CR

JOSHUA LOGAN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

### MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Joshua Logan appeals the life sentence that the jury assessed and the trial court imposed after he pled guilty to murder. *See* Tex. Penal Code Ann. § 19.02 (West 2011). In a single issue, he claims that the trial court erred by not sua sponte instructing the jury that it could consider temporary insanity caused by intoxication as a mitigating factor in assessing punishment. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Facts and Procedural History

Appellant crept up behind Terry Baird in a bar one night and slit his throat. Baird died on the floor. Bar patrons subdued Appellant as he tried to flee. After police arrived and took Appellant into custody, he explained, "I was frustrated and irritated with my life and my wrongdoings, and I took it out on him."

Appellant was charged with and pled guilty to murder and elected for a jury to assess his punishment. At his trial, witnesses testified that although they had seen him drinking on the night of the murder, Appellant did not appear visibly intoxicated, had not created any other public disturbances, and had not given anyone reason to believe something was wrong. Jenna Williams, a bartender at a pub in which Appellant had been drinking earlier that evening, testified that she had a "normal conversation" with him before he left and that Appellant "said sometimes his uncle told him not to write checks his ass can't cash and he thinks he's going to do that." At the time, she took that to mean Appellant "was going to do something that he shouldn't do."

Forensic psychologist Dr. Antoinette McGarrahan testified that Appellant suffered from a substance-induced psychosis at the time of the murder, which she explained meant that he had lost touch with reality as a result of substance abuse and an underlying psychotic condition. She also testified that, because of his psychosis, Appellant was under the delusion that Baird was somehow

orchestrating a conspiracy against him and that he either needed to kill him or be killed.[2]

Appellant presented evidence that he has a long history of abusing alcohol and amphetamines and that beginning in 2004 had been hospitalized several times for psychotic episodes. Dr. McGarrahan testified that the delusions Appellant claimed he had suffered on the night of the murder were consistent with a history of his substance-induced psychosis manifesting itself as paranoid delusions that others were out to kill him.

Dr. John Roache, professor of psychiatry at the University of Texas Health Science Center in San Antonio, explained that Appellant's psychosis could manifest itself in the form of anxiety and paranoia, but she did not expressly link Appellant's symptoms to any inability to distinguish right from wrong. Moreover, no defense expert testified that psychosis caused Appellant not to know that killing Baird was wrong.

After both parties had rested and closed at the end of the punishment phase, the trial court judge asked if there were any objections to the jury charge, to which Appellant's counsel replied, "I have no objections to the charge as it currently exists." The charge did not contain an instruction on temporary insanity caused by intoxication. The jury found Appellant guilty and assessed his

---

[2]According to statements Appellant made to police, Appellant was under the delusion that Baird had threatened to "gut [him] like a fish," and he thought Baird was reaching for a weapon.

punishment at life in prison in addition to the maximum fine of ten thousand dollars. The trial court sentenced Appellant accordingly. Now Appellant faults the trial court for omitting from the jury charge a mitigation instruction that he did not request.

## Standard of Review

Appellate review of claimed jury-charge error involves a two-step process. *See* Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007); *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, the reviewing court must determine whether error actually exists in the charge. *Abdnor*, 871 S.W.2d at 731–32. Only if error exists in the charge must the court take the next step and determine whether the error caused sufficient harm to warrant reversing the judgment. *Id.* at 731–32.

## No Error

Appellant's claim falls on the first step. The trial judge is "ultimately responsible for the accuracy of the jury charge and accompanying instructions." *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). Code of criminal procedure article 36.14 states that "the judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case." Tex. Code Crim. Proc. Ann. art. 36.14. The trial judge has the duty to instruct the jury on the law applicable to the case even if defense counsel fails to object to inclusions or exclusions in the charge. *Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App.

4

2011). But article 36.14 imposes no duty on a trial judge to instruct the jury sua sponte on unrequested defensive issues because an unrequested defensive issue is not the law "applicable to the case." *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013); *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998).

Temporary insanity caused by intoxication is clearly a defensive issue. In *Williams v. State*, the court of criminal appeals addressed whether the capital murder mitigation special issue is a "defensive issue." 273 S.W.3d 200, 222 (Tex. Crim. App. 2008). In holding that it is, the court compared the mitigation special issue "with a number of punishment mitigating factors that are *clearly defensive issues, including temporary insanity caused by intoxication.*" *Id.* (emphasis added).

Because Appellant did not request an instruction in the charge that the jury could consider the mitigating effect of temporary insanity caused by intoxication, and because the trial court has no duty to give an instruction on defensive issues when those instructions are not requested, we overrule Appellant's sole issue. *See Vega*, 394 S.W.3d at 519; *Posey*, 966 S.W.2d at 61; *Swaim v. State*, 306 S.W.3d 323, 325 (Tex. App.—Fort Worth 2009, pet. ref'd) (plurality holding trial court not required to instruct jury sua sponte on sudden passion during punishment phase of murder trial); *Wilson v. State*, No. 08-11-00042-CR, 2013 WL 461060, at *8 (Tex. App.—El Paso Feb. 6, 2013, pet. ref'd) (not designated for publication) (citing *Swaim* with approval); *Teague v. State*, 03-10-00434-CR,

5

2012 WL 512661, at *6 (Tex. App.—Austin Feb. 16, 2012, pet ref'd) (mem. op., not designated for publication) (noting that the "court's reasoning in *Swaim* is consistent with the court of criminal appeals's guidance in *Posey*").

## Conclusion

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 11, 2013