PD-0483-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/22/2015 1:28:24 PM
Accepted 6/24/2015 10:08:17 AM
ABEL ACOSTA
CLERK

No. PD-0483-15

## TO THE COURT OF CRIMINAL APPEALS OF TEXAS

RUBEN TOTTEN
*Appellant*

v.

THE STATE OF TEXAS,
*Appellee*

---

### Reply to State's Petion for Discretionary Review

---

From the First Court of Appeals, No. 01-14-00189-CR
reversing the judgment in Cause No. 1365961
from the 228th District Court of Harris County, Texas.

---

Oral Argument Requested

ALEXANDER BUNIN
Chief Public Defender
Harris County, Texas

SARAH V. WOOD
Assistant Public Defender
Harris County, Texas
Texas Bar Number 24048898
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
Sarah.Wood@pdo.hctx.net

**Counsel for Appellant**

FILED IN
COURT OF CRIMINAL APPEALS

June 24, 2015

ABEL ACOSTA, CLERK

Comes Now, Ruben Totten, and files this Reply to the State's Petition for Discretionary Review pursuant to Texas Rule of Appellate Procedure 68.9.

The State Prosecuting Attorney ("SPA") has filed a petition for discretionary review in this case that fails to comport with established procedure.

First, the petition improperly urges this Court to consider an affidavit outside the record that it has attached as an appendix. As Professors Dix and Schmolesky note, "It is clear that informal efforts to put material not in the record before an appellate court are neither proper nor effective." 43B Tex. Prac., Criminal Practice And Procedure § 55:62 (3d ed.).

In *Hill v. State*, the State sought abatement and remand from the Court of Criminal Appeals regarding some discrepancy with the transcript. This Court refused to consider the request, holding, "Although the State relies on an affidavit attached to its motion to abate, that affidavit is not part of the appellate record and may not be considered." *Hill v. State*, 90 S.W.3d 308, 314 (Tex. Crim. App. 2002).

Second, the SPA's petition fails to explicitly set forth "reasons for granting review" and therefore does not comply with Texas Rule of Appellate Procedure 68.4(h) requiring petitions to "amplify" the reasons for review under Rule 66.3. As this Court has stated, "Manifestly, the presentation of reasons for review must focus on the opinion of the court of appeals and its impact on our jurisprudence." *Hunter v. State*, 954 S.W.2d 767, 768-69 (Tex. Crim. App. 1995). The SPA's petition fails to do so.

Moreover, the SPA's primary "reason"—that the transcript is allegedly inaccurate—does not properly fall under any of the six "Reasons for Granting Review" set forth in Rule 66.3. Discretionary review is limited in scope and its purpose is to review the *decisions* of the courts of appeals. Tex. R. App. Proc. 68.1; *Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007). "This court will not consider a ground for review that does not implicate a determination by the court of appeals of a point of error presented to that court in an orderly and timely fashion." *Bynum v. State*, 767 S.W.2d 769, 776 (Tex. Crim. App. 1989); *Lambrecht v. State*, 681 S.W.2d 614 (Tex. Crim. App. 1984). The State asks this Court to side-step the work of the Court of Appeals.

Third, the SPA should be estopped from complaining about any alleged defect in the record at this very late hour. As Professors Dix and Schmolesky observed, "Appellate courts' power to abate is not general authority in the appellate judiciary to give appellants a second chance to do what they failed to do when the case was before the trial court." 43B Tex. Prac., Criminal Practice And Procedure § 56:227 (3d ed.). Fairness dictates that this principle should be applied with equal force against the State in this case.[1]

The record was filed in March of 2014. The State never mentioned the possibility of an inaccuracy in the transcript. In fact, as the Court of Appeals noted, the State in its

---

[1] It is interesting to note that the State also argues appellant failed to apprise the courts below of his objection to the jury charge. The State wishes to penalize the defendant for the adequacy of his objection made seconds after the error while simultaneously arguing that its objection, untimely by more than a year, should nonetheless be humored.

brief "does not respond directly to appellant's argument…" (Op. at 5). The Harris County District Attorneys Office did not elect to raise the transcript issue in the court of appeals and neither does it raise the issue now, despite having litigated the case from the beginning.

Furthermore, the proper procedure for correcting a transcript is laid out in Rule 34.6(e) and it does not contemplate the issue being raised in this Court since it specifies only that the court of appeals may remand the case to the trial court to resolve a record dispute. As three judges of this Court have noted, "Rule 34.6(e) should not be applied to provide appellant with another opportunity to do what he should have done well before now…" *Amador v. State*, 221 S.W.3d 666, 680 (Tex. Crim. App. 2007) (Hervey dissenting, in which Keller and Keasler joined). The State failed to avail itself of the remedy provided in 34.6 and now it is quite untimely.

Moreover, the State does not have a due process right or a fundamental liberty interest that could weigh in favor of sacrificing judicial economy and procedural finality. The State's remedy, at this point, is to simply elect to re-prosecute Mr. Totten for the possession of drugs, for which he was previously sentenced to 25 years in prison. The reversal from the Court of Appeals is not the end of this case and it does not release Mr. Totten. If the State feels that justice requires Mr. Totten to serve the minimum 25 years in prison for the 1.2 grams of crack found in his shoe, then it can simply try him again.

This Court has generally propounded a policy of restraint in granting PDRs because otherwise it "only tends to undermine the respective roles of this and the intermediate courts without significant contribution to the criminal jurisprudence of the State." *Arcila v. State*, 834 S.W.2d 357, 361 (Tex. Crim. App. 1992), *overruled on other grounds by Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997). The unpublished opinion in this case is fine as it stands. As this Court has noted of other cases, "It fairly addresses the issues raised on appeal, evaluates those issues according to settled rules of law, accounts for all evidence relevant to the questions presented, and reaches a conclusion adequately supported by the law and the evidence." *Id.* The State's petition should be denied.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

**/s/ Sarah V. Wood**
**SARAH V. WOOD**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th Floor
Houston Texas 77002
(713) 368-0016 (phone)
(713) 368-9278 (fax)
State Bar Number 24048898
Sarah.Wood@pdo.hctx.net

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that this filing has 968 words and that a copy of the foregoing reply to the State's petition for discretionary review has been served on the District Attorney of Harris County, Texas, by the efile service and to the State Prosecuting Attorney.

/s/ Sarah V. Wood
**SARAH V. WOOD**