

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0094-08

**STEVEN SANCHEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, WOMACK, KEASLER, HOLCOMB and COCHRAN, JJ., joined. KELLER, P.J., filed a concurring opinion in which WOMACK, HOLCOMB and COCHRAN, JJ., joined. JOHNSON, J., filed a concurring opinion in which HOLCOMB and COCHRAN, JJ., joined.

### O P I N I O N

Appellant was convicted of the Class B misdemeanor offense of possession of less than 28 grams of a Penalty Group 4 controlled substance (codeine).[1] We granted discretionary review to address the legal sufficiency of the evidence to support an element of this offense.[2]

---

[1]

*See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.105(1), 481.118(a),(b), (Vernon 2003).

[2]

*See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (legal-sufficiency appellate standard of evidentiary review requires the reviewing court to view the evidence in the light most favorable to

Section 481.105(1) of the Texas Health and Safety Code (also known as the Texas Controlled Substances Act), in relevant part, defines a Penalty Group 4 controlled substance as a substance containing "not more than 200 milligrams of **codeine** per 100 milliliters or per 100 grams" and "**one or more nonnarcotic active medicinal ingredients in sufficient proportion to confer on the compound, mixture, or preparation valuable medicinal qualities other than those possessed by the narcotic drug alone**." (Emphasis supplied).[3] The record in this case reflects that appellant was a passenger in a car that was stopped by a police officer (Hobbs), who eventually seized a plastic baby bottle from under the seat where appellant had been sitting. The officer testified at appellant's trial that the baby bottle contained a thick, red, liquid substance with a "mediciney" smell that the officer believed was "liquid codeine."

A chemist (Chu), who tested the liquid substance in the baby bottle, testified that the total weight of the substance was less than 28 grams and that the substance was "[m]ost likely . . . cough syrups" containing less than "200 milligrams per 100 mil" of codeine (a narcotic) and a nonnarcotic ingredient named Promethazine.[4] Chu testified that Promethazine is a "typical medicine" that "on

---

the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt).

[3]
Section 481.105(1) states:

Penalty Group 4 consists of:
(1) a compound, mixture, or preparation containing limited quantities of any of the following narcotic drugs that includes one or more nonnarcotic active medicinal ingredients in sufficient proportion to confer on the compound, mixture, or preparation valuable medicinal qualities other than those possessed by the narcotic drug alone:
not more than 200 milligrams of codeine per 100 milliliters or per 100 grams . . . .

[4]
*See Dudley v. State*, 58 S.W.3d 296, 299-301 (Tex.App.–Beaumont 2001, no pet.) (deciding

its own has a valuable medicinal quality" as a cough suppressant that is usually added to cough syrups. Chu also testified that he did not quantify the amount of Promethazine that was in the substance.

Q. [STATE]: What about Promethazine?

A. [CHU]: Promethazine is a typical medicine that is being prescribed by the physicians for the typical cough in patients.

* * *

Usually you can see the contents in this bottle it is a liquid. It is like a syrup material. Most likely which we call cough syrups and cough syrups contain four compounds which is sugar, glucose, alcohols, which is ethanol, Promethazine and codeines. Usually the cough syrups, the concentration of codeine will last [sic] 200 milligrams per 100 mil.

* * *

Q. [DEFENSE]: Mr. Chu, were you able to determine the amount of Promethazine that was in the bottle?

A. No, in the laboratory we don't perform quantifications on the Promethazine as well as codeine.

* * *

Q. Since you don't have enough information to quantify how much Promethazine was in that solution, you cannot testify to the jury and tell them whether or not the Promethazine had a valuable medicinal quality, can you?

A. Yes. Promethazine has been identified in this syrup.

Q. And Promethazine on its own has a valuable medicinal quality, doesn't it?

A. It has.

* * *

Q. Do you know what is the purpose of Promethazine?

A. Usually it is added to cough syrups to ease the (unintelligible) and anti-inflammatory.

Q. And as a doctor when you prescribe cough syrup, the reason that you are

that similar chemist testimony was legally sufficient "with regard to the qualitative concentration of codeine in relation to the other active nonnarcotic medicinal ingredient" for purposes of possession of Penalty Group 4 codeine).

prescribing that either can be to suppress the cough and have the respiratory functions of an individual not be inflamed.  Is that right?

A. For medical purpose?

Q. Yes, sir, medical purpose.  My question, though, sir, is you know that that is what Promethazine is prescribed for, correct?

A. Yes.

The court of appeals decided that the evidence is legally insufficient to support the elemental finding that the Promethazine "was in sufficient proportion to confer on the [substance] valuable medicinal qualities," because Chu failed to quantify the amount of Promethazine in the substance.[5]

The court of appeals' opinion states:

> The State was required to prove, as one of the elements of the offense, that the nonnarcotic active medicinal ingredient was in sufficient proportion to confer on the mixture valuable medicinal qualities other than those possessed by the codeine alone. Chu testified repeatedly that he was not able to quantify the Promethazine in the substance.  Without such quantification, his testimony does no more than establish the mere presence of Promethazine.  Thus the State has failed its burden to prove that Promethazine was in the mixture in sufficient proportion to confer on the mixture valuable medicinal qualities other than those possessed by the codeine alone.[6]

We exercised our discretion to review this decision.  The grounds upon which we granted review state:

> 1. Is the State required to prove the numerical concentration of the nonnarcotic ingredient in a Penalty Group Four codeine mixture under Health and Safety Code section 481.105(1) to establish that it is "in sufficient proportion to confer" on the mixture valuable medicinal qualities other than those possessed by the codeine alone?

---

[5]

*See Sanchez v. State*, No. 01-06-00210-CR, 2007 Tex. App. LEXIS 8732, at *11-12 (Tex.App.—Houston [1st Dist.] Nov. 1, 2007).

[6]

*Id.*

2. Did the Court of Appeals err in holding that the State presented legally insufficient evidence that appellant possessed a Penalty Group Four codeine mixture because the chemist did not assign a numerical concentration to the nonnarcotic ingredient despite his testimony that the syrup contained codeine and Promethazine, the Promethazine possessed valuable medicinal qualities apart from the codeine as an anti-inflammatory and a cough suppressant, and Promethazine is a dangerous drug prescribed by physicians?

The State argues that the court of appeals improperly held that only a quantification of the nonnarcotic ingredient, Promethazine, could meet the "in sufficient proportion to confer on the [substance] valuable medicinal qualities" element of Section 481.105(1). The State argues:

The jury could have reasonably inferred that the Promethazine was in sufficient proportion to confer on the compound valuable medicinal qualities apart from the codeine because the Promethazine had such qualities "on its own[.]" [Chu] described the substance in the baby bottle as a basic cough syrup, and he explained the medicinal purpose of the Promethazine in it. [Footnote omitted]. The jury rationally inferred from his testimony that the Promethazine was in sufficient proportion to perform its intended function in the basic cough syrup. [Footnote omitted]. The State met its burden of proving the Promethazine was "in sufficient proportion to confer on the compound, mixture and preparation valuable medicinal qualities other than those possessed by the narcotic drug alone[.]"

We agree. The officer (Hobbs) who seized the baby bottle testified that the thick, red, liquid substance in the bottle had a "mediciney" smell. The chemist (Chu) testified that this substance contained codeine ("less than 200 milligrams [of codeine] per 100 mil.") and Promethazine, which, according to Chu, "on its own has a valuable medicinal quality" as a nonnarcotic cough-suppressant compound that is usually found in cough syrups or cough medicines.[7] A jury could rationally find

---

[7]  It appears that appellant possessed a codeine-based cough medicine or syrup without a valid prescription. *See* § 481.118(a) (making it an offense for a person to knowingly or intentionally possess a Penalty Group 4 controlled substance "unless the person obtained the substance directly from or under a valid prescription or order from a practitioner acting in the course of practice"); http://www.drugs.com/cdi/promethazine-codeine-syrup.html (describing a Promethazine/Codeine cough syrup used for treating cough and other respiratory symptoms caused by allergies or the common cold); http://en.wikipedia.org/wiki/Promethazine ("Promethazine is sometimes used as a

that the Promethazine (whatever its quantity in the substance) was "in sufficient proportion to confer on the [substance] valuable medicinal qualities." Chu's testimony did not, as the court of appeals decided, establish just the mere presence of Promethazine. Rather, Chu's testimony established the presence of Promethazine that "on its own has a valuable medicinal quality." Evidence that the Promethazine in the substance "on its own has a valuable medicinal quality" is sufficient to support a finding that it was "in sufficient proportion to confer on the [substance] valuable medicinal qualities." Under these circumstances, the State was not required to quantify the Promethazine in the substance.

We also note that Chu did not testify that a failure to quantify the Promethazine in the substance made him unable to say whether the Promethazine conferred "valuable medicinal qualities" on the substance. We also disagree with the suggestion in the court of appeals' opinion that quantifying the Promethazine might have, standing alone, been sufficient to prove the "in sufficient proportion to confer on the [substance] valuable medicinal qualities" element of the offense. The amount of Promethazine in the substance, standing alone, would not have established that it conferred valuable medicinal qualities on the substance.[8] This would have established just the mere presence of Promethazine in the substance.

The judgment of the court of appeals is reversed, and the case is remanded there for further proceedings.

_____

recreational drug in conjunction with codeine in prescription cough syrup.").

[8]

For example, testimony from Chu that the substance contained "200 milligrams per 100 mil." of Promethazine would not have, by itself, proved that the Promethazine was "in sufficient proportion to confer on the [substance] valuable medicinal qualities."

Hervey, J.

Delivered: January 28, 2009
Publish