

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1708-08 & PD-1709-08

**LEONARD MILES, III, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

**KELLER, P.J., filed a dissenting opinion in which HERVEY, J., joined.**

Viewed from the correct perspective, this case is not as complicated as it might appear. A serious error occurred, but it was an error in the jury charge, not an insufficiency of the evidence. The indictment in the present case did not authorize a conviction for a Penalty Group 1 offense, so the sufficiency of the evidence cannot be measured against that offense.

We have held that the caption in an indictment should be considered in determining what offense the indictment charges.[1] In this case, the caption identified the offense as "PG 3/4," which

---

[1] *Kirkpatrick v. State*, 279 S.W.3d 324, 329 (Tex. Crim. App. 2009).

clearly conveyed that the offense involved Penalty Group 3 or 4, rather than Penalty Group 1.[2] Even if the "PG 3/4" notation simply created an ambiguity as to what offense was charged, such an ambiguity would have to be resolved in of favor Penalty Group 3 or 4 because Penalty Group 1 is the greater offense: We know that appellant was charged by the indictment with *at least* a Penalty Group 3 or 4 offense. We cannot with any certainty ascertain that he was charged by the indictment with a Penalty Group 1 offense, and so we cannot conclude that the indictment charges that offense.[3]

The Court contends that, under *Malik*, we must focus on the offense that was tried.[4] In *Malik*, we said:

> Hence, sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.[5]

But although *Malik* did say that an offense defined by a hypothetically correct jury charge is one that "adequately describes the particular offense for which the defendant was tried," it also stated that the offense must be "authorized by the indictment." In subsequent cases, we have emphasized the importance of this "authorized by the indictment" language, saying that a sufficiency review must

---

[2] *See id.* ("the notation that the offense was a third-degree felony clearly indicated that the State intended to charge a felony offense").

[3] *See Duron v. State*, 956 S.W.2d 547, 552 (Tex. Crim. App. 1997) ("The failure to include one or more elements of the offense in the indictment, while a defect of substance, is not a defect of constitutional magnitude causing the indictment not to be an indictment under Texas Constitution Article V, § 12 provided the indictment charges an identifiable offense.")

[4] Court's op. at 3, 5, 6, 12, 12 n.31, 13.

[5] *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

be limited to the statutory manners and means alleged in the charging instrument.[6]

Although there is some ambiguity about the matter,[7] it appears that the State and the trial court may have operated under the impression that the offense at issue was a Penalty Group 1 offense. But it doesn't matter what they thought. The indictment handed up by the grand jury authorized a prosecution only for a Penalty Group 3 or 4 offense. Although a defendant could waive the right to indictment with respect to a greater or different offense than the one with which he was initially charged, such a waiver would have to be express,[8] and no such waiver is contained in the record of this case.

Judge Cochran contends, among other things, that the evidence is insufficient to show a Penalty Group 4 offense because the evidence does not show that promethazine was present "in sufficient proportion to confer . . . valuable medicinal qualities."[9] In other words, appellant did not prove that there was enough non-codeine cough medicine in the mixture. But that is a *mitigating*

---

[6] *Geick v. State*, 2011 Tex. Crim. App. LEXIS 1342 (October 5, 2011) (an alternative manner and means in the definition of an element is part of the sufficiency review if its use in the indictment narrows the scope of the offense); *Cada v. State*, 334 S.W.3d 766, 773-74 (Tex. Crim. App. 2011) (sufficiency of the evidence must be measured by whether service as a witness was shown because it was the only manner of committing retaliation that was alleged in the indictment); *Curry v. State*, 30 S.W.3d 394, 404-05 (Tex. Crim. App. 2000) (sufficiency of the evidence must be measured by whether the allegation "using and threatening to use deadly force" was shown because that was the manner of committing kidnapping alleged in the indictment).

[7] As the Court says, the maximum fine of $10,000 referred to by the trial court was inconsistent with the punishment range for a Penalty Group 1 offense of possession of 200 to 400 grams with intent to deliver, where the maximum fine is $100,000. *See* TEX. HEALTH & SAFETY CODE § 481.112(e). Also, the Court points out that the trial court's judgment refers to the offense as involving Penalty Group 3 or 4.

[8] *See Murray v. State*, 302 S.W.3d 874, 877 n.11, 881 (Tex. Crim. App. 2009); TEX. CODE CRIM. PROC. art. 1.141.

[9] Judge Cochran's concurring op. at 8.

fact that distinguishes Penalty Group 4 codeine from Penalty Group 1 codeine. To obtain a conviction for a Penalty Group 1 codeine offense, the State has to disprove that mitigating fact; it does not actually have to prove that fact to obtain a conviction for the lesser, Penalty Group 4 codeine offense.

I made this point in my concurring opinion in *Sanchez v. State*, where the court of appeals held that the evidence was insufficient to prove a Penalty Group 4 codeine offense because there was insufficient proof regarding the proportion of promethazine in the mixture.[10] I pointed out that the court of appeals was involved in the same sort of fruitless struggle that occupied this Court when it considered the absence of evidence of sudden passion in a voluntary manslaughter prosecution.[11] I concluded that relief should be denied on a legal sufficiency claim regarding the proportion of promethazine because the bottom line was, if promethazine wasn't present in sufficient proportion to confer valuable medicinal qualities, then the defendant was "guilty of a greater offense than that for which he was convicted."[12] In her concurrence in *Sanchez*, Judge Johnson agreed, pointing out that any failure of proof regarding the proportion of promethazine accrued to the benefit of the appellant because "[t]he presence of promethazine saved appellant from a felony penalty range."[13]

The Court also agrees, relying upon my concurring opinion in *Sanchez* for the proposition

---

[10] 275 S.W.3d 901, 905-07 (Tex. Crim. App. 2009) (Keller, P.J., concurring). *See also Sanchez v. State*, 264 S.W.3d 132, 137 (Tex. App.–Houston[1st Dist.] 2007) (holding that the "State was required to prove, as one of the elements of the offense, that the nonnarcotic active medicinal ingredient was in sufficient proportion to confer on the mixture valuable medicinal qualities other than those possessed by the codeine alone"), *rev'd*, 275 S.W.3d 901 (Tex. Crim. App. 2009).

[11] 275 S.W.3d at 907.

[12] *Id.*

[13] *Id.* at 207-08.

that in a Penalty Group 1 prosecution, the State must prove that the codeine does not fall in Penalty Group 4.[14] The Court's opinion in *Sanchez* did not take issue with anything said in my concurrence, and Judges Womack, Cochran, and Holcomb joined my concurring opinion.[15] When Judge Johnson's sentiments are also considered, there were five votes in *Sanchez* for the proposition that the failure to prove the proportion of promethazine does not render the evidence legally insufficient to support a conviction for an offense involving codeine under Penalty Group 4. That is a majority and, at least arguably, binding precedent.

Finally, although appellant was charged with possession with intent to deliver, he was convicted of the lesser offense of simple possession. He had a prior felony conviction that was used for enhancement. Under those circumstances, the jury should have been instructed on the punishment range applicable for an enhanced Penalty Group 3 or 4 offense—the range for a first-degree felony, five to 99 years or life.[16] Instead, the jury was instructed on a punishment range of 15 to 99 years or life, a range consistent with an enhanced Penalty Group 1 offense.[17] But appellant did not complain of jury-charge error in this Court or before the court of appeals, so that issue is not

---

[14] Court's op. at 12 & n.27.

[15] See *Sanchez*, generally.

[16] *See* TEX. HEALTH & SAFETY CODE §§ 481.117(d) (possession of 200 to less than 400 grams of controlled substance under Penalty Group 3 is second-degree felony), 481.118(d) (possession of 200 to less than 400 grams of controlled substance under Penalty Group 4 is second-degree felony); TEX. PENAL CODE § 12.42(b) (one prior felony conviction enhances punishment for second-degree felony to first degree).

[17] *See* TEX. HEALTH & SAFETY CODE § 481.115(e) (possession of 200 to less than 400 grams of controlled substance under Penalty Group 1 is first-degree felony); TEX. PENAL CODE § 12.42(c)(1) (one prior felony conviction raises minimum punishment for first-degree felony to 15 years).

before us.  I would affirm the judgment of the court of appeals.  I respectfully dissent.[18]

Filed: December 7, 2011
Publish

---

[18]  Moreover, the issue of whether a conviction procured under the present circumstances can be reformed to a lesser-included offense on appeal is pending before this Court in *Bowen v. State*, PD-1607-10.  Rather than enter an acquittal on the basis of *Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999), this Court should wait until *Bowen* is decided.